UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN CROCKER,<br>    Plaintiff, | : | No. 3:18-cv-613 (KAD) |
| v. | : | |
| CAROL CHAPDELAINE, et al.,<br>    Defendants. | : | |

**RULING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**

<u>Preliminary Statement</u>

The plaintiff Shawn Crocker ("Crocker"), commenced this action on April 9, 2018. At that time, the matter of *Crocker v. Murphy*, No. 13cv1774 (JCH), (hereinafter "*Crocker v. Murphy*"), involving claims against several State actors was pending. On May 31, 2018, the parties in *Crocker v. Murphy*, filed a Notice of Settlement stating that settlement had been reached subject to the execution of an agreement. Thereafter, on June 1, 2018, the court, (Hall, D.J.), entered an order closing that case in light of the Notice of Settlement. The dismissal was without prejudice to reopening on or before July 15, 2018. *See Crocker v. Murphy*, No. 3:13-cv-1774 (JCH) (D. Conn. June 1, 2018) (Doc. No. 68, Order re Notice of Settlement). The parties did not move to reopen. In July 2018, the parties signed the Release and Settlement Agreement in *Crocker v. Murphy*. The parties did not file the Settlement Agreement in *Crocker v. Murphy* or ask that its provisions be incorporated into the order of dismissal. On August 7, 2018, the defendants filed a motion in this case seeking to enforce the settlement agreement from *Crocker v. Murphy* as a means of defeating the plaintiff's claims brought herein. The plaintiff objected. For the reasons that follow, the motion is denied.

Standard of Review

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case *that was pending before it*." Polk v. Sherwin-Williams Co., No. 3:16-CV-1491 (MPS), 2017 WL 1186323, at *1 (D. Conn. Mar. 29, 2017) (citations and internal quotation marks omitted); *see also Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986) ("A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings."). After a case has been dismissed, "there are only two ways in which a district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement: it may 'expressly retain jurisdiction over enforcement of the agreement' in an order of the court, or it may 'incorporate the terms of that agreement' in such an order." *Hendrickson v. United States*, 791 F.3d 354, 359–60 (2d Cir. 2015) (reaffirming holding of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)) (citation and alteration omitted). Unless the court has retained jurisdiction over the settlement through one of these two mechanisms, enforcement of the settlement agreement must be pursued in state court. *Kokkonen*, 511 U.S. at 382. *See also Roberson v. Giuliani*, 346 F.3d 75, 80 (2d Cir. 2003) ("[T]he enforcement of a [private] settlement agreement normally proceeds in state courts unless there is an independent basis for federal jurisdiction.")

Discussion

The defendants assert that the settlement agreement and release reached in *Crocker v. Murphy,* encompasses the parties and claims in this action. Through summary enforcement of the agreement, they seek judgment in their favor.

The defendants rely on two cases to support a finding that this court has jurisdiction to decide the motion and grant the relief requested. Gon*zalez v. Jurella*, No. 3:14-cv-1250 (AWT), 2015 WL 9943596 (D. Conn. Sept. 22, 2015), and *Vincent v. Hull*, No. 3:12-cv-242 (AWT), 2012 WL 12883961 (D. Conn. Dec. 11, 2012), *report and recommendation adopted*, 2013 WL 12123975 (D. Conn. Jan. 12, 2013)). In both cases, however, the motion to enforce was filed in the case in which the settlement agreement was reached and while that case was pending. *See Gonzalez*, 2015 WL 9943596, at *5 (court determined that settlement agreement was valid; granted motion to enforce agreement; and ordered that case, as well as all other pending cases listed in the agreement, be closed); *Vincent*, 2012 WL 12883961, at *3 (court determined which of two purported settlement agreements should be enforced and ordered case dismissed pursuant to operative settlement agreement).

The defendants do not identify any authority allowing a court to entertain a motion to enforce a settlement agreement in a case different than the case giving rise to the settlement agreement in the first instance. Research has revealed none. As the case in which the settlement agreement was reached is closed and the district court did not retain jurisdiction over the settlement agreement or incorporate it into any of its orders, this Court lacks jurisdiction to entertain the defendants' motion. However, if the defendants wish to assert the settlement agreement and release as a bar to the plaintiff's claims in this matter, they may raise these issues by way of affirmative defense and a motion for summary judgment as may be appropriate. See e.g. *Shakur v. Bruno,* No. 3:12-cv-984 (SRU), 2014 WL 645028 (D.Conn. Feb. 14, 2014)(Where defendants asserted settlement and release as a bar to plaintiff's action, court converted the motion to dismiss to a motion for summary judgment limited to the question of whether the release precluded the plaintiff's claims.); *Mosley v. Jennings,* No. 16-CV-994 (RA), 2108 WL

583121 (S.D.N.Y. Jan. 26, 2018)(Court considered as an issue for summary judgment whether a previously signed release and settlement barred plaintiff's claims.); *Cantey v. Mount Vernon City School District,* No. 16-CV-2669 (NSR), 2018 WL 3315574 (S.D.N.Y. July 5, 2018)(Court converted a motion to dismiss based upon prior settlement agreement and release to a motion for summary judgment and considered plaintiff's challenge to the validity of the settlement agreement.).

Conclusion

For all of the foregoing reasons, the defendants' motion to enforce settlement agreement [Doc. No. 18] is DENIED.

SO ORDERED at Bridgeport, Connecticut, this 2nd day of October 2018.

\_\_\_/s/_____
Kari A. Dooley
United States District Judge